# CIRCUIT COURT NO. 2 OF BALTIMORE CITY.

Filed September 20, 1923.

LOUIS BOULMETIS, ET AL.,

VS.

MEYER ABRAMSON, ET AL.

*Briscoe, Jones & Martin* for plaintiff.
*B. Harris Henderson* for defendant.

BOND, DUKE, J.—

The purpose of this proceeding is to secure a decree ratifying and specifically enforcing the lease from Nellie McFadden Sheehan to Louis Boulmetis and others, dated November 26, 1918, and for an injunction restraining Abraham Fineman and others from prosecuting a certain suit heretofore instituted by them in the People's Court of Baltimore City for the recovery of possession of the property referred to in said lease.

The facts as to said lease seem to be as follows: In the year of 1906 Frank McFadden died intestate possessed of a leasehold estate in the property referred to in said lease, and his widow, Nellie McFadden, now Nellie McFadden Sheehan, took out letters of administration on his estate. Said deceased left three infant children, but no guardian was appointed for any of them and no distribution of said estate was made until the year 1923. In the year 1918 the lease above referred to was executed by Nellie McFadden Sheehan, the lease stating that she made it individually and as guardian. The lessees took possession under said lease and have since remained in possession and Nellie McFadden Sheehan has collected the rent reserved in the lease and has used the funds so collected in her discretion. She says she used it for herself and her children, but there is no evidence that she ever accounted for it to anyone or that any of her children ever had the matter of the lease or the rent paid thereunder brought to their attention or that any of them ever took any action or expressed any opinion or wish with reference to same or knowingly used any part of such rent. There is no evidence that any guardian of the estate of any of the children ever received any rent for the property or did any act which could be construed as a ratification of the lease. In the year 1923 Nellie McFadden Sheehan, administratrix, distributed and conveyed said property, one-third to herself individually and two-thirds to said children, and said property was later sold for purposes of partition and was conveyed to the purchasers by a trustee appointed by this Court for that purpose. The property was later sold and conveyed by said purchasers to Abraham Fineman. The complainants were in possession of the property at the time

of said sales and conveyances and of course the purchasers were charged with notice of whatever interest the persons in possession of the property had therein.

The question is whether this Court should, on the facts above stated, ratify and specifically enforce said lease as against Abraham Fineman, the present owner of the property.

At the time the lease was executed the property belonged to the estate of Frank McFadden, and not to Nellie McFadden Sheehan, either individually or as guardian. It is true that Nellie McFadden Sheehan was administratrix of the estate of Frank McFadden, but as such she had no power to execute the lease. It would seem to follow that the lease was at that time invalid. On March 6, 1923, when the property was distributed and conveyed by Nellie McFadden Sheehan, administratrix, to Nellie McFadden Sheehan and her three children, as tenants in common, the title to the undivided interest then conveyed to her enured, I think, to the benefit of her lessees under said lease previously made by her, and to the extent of the undivided interest so conveyed to her, the lease became binding and effective. I am unable to find, however, that anything has ever been done by any of said children of Frank McFadden, or by anyone with authority to bind them, which amounts to the execution of said lease or the adoption and ratification thereof. It has been suggested in argument that the adjustment of the accrued rent of the property as between Adolph Shoeneis, the trustee, who conveyed the property when it was sold for purposes of partition, and Meyer Abramson and Abe Oliner, the purchasers at such sale, amounted to a ratification of said lease, but I cannot agree with this contention.

I therefore find that as to the undivided interests conveyed as aforesaid by the administratrix of Frank McFadden to the children of Frank McFadden, said lease is unenforceable.

As this Court cannot specifically enforce the lease as a whole I see no occasion to interfere with the People's Court in the exercise of it's jurisdiction in the premises.

I will therefore sign an order dissolving the injunction and dismissing the bill of complaint.